IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN ELIZABETH PAWLOWIC | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-3141 |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY | : | |

## ORDER

AND NOW, this 30th day of April, 2019, upon consideration of Plaintiff Susan Elizabeth Pawlowic's Brief and Statement of Issues in Support of Request for Review, and Defendant Commissioner of Social Security's response thereto, Pawlowic's reply, and after careful review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, Pawlowic's objections, and the Commissioner's response to Pawlowic's objections, it is ORDERED:

1. Pawlowic's objections to the Report and Recommendation (Document 15) are OVERRULED[1];

---

[1] Plaintiff Susan Elizabeth Pawlowic seeks review of the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income by the Commissioner of Social Security. In a decision issued on December 18, 2015, an Administrative Law Judge (ALJ) concluded Pawlowic was not disabled after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The ALJ first found Pawlowic had not engaged in substantial gainful employment since January 1, 2013, the alleged onset date of her disability. Second, he determined Pawlowic had the following severe impairments: lower back pain secondary to degenerative spondylosis; major depressive disorder; and generalized anxiety. Third, the ALJ found Pawlowic's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded Pawlowic had the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except she is limited to unskilled work, with routine repetitive tasks and no assembly line production work. Finally, the ALJ determined Pawlowic was unable to perform her previous work as a registered nurse, but that jobs she could perform exist in significant numbers in the national economy.

In her Request for Review, Pawlowic argues the ALJ's decision is not supported by substantial evidence because the ALJ (1) improperly weighed the medical opinion of consultative examiner Dr. Pramod Digamber; (2) failed to consider Pawlowic's work history in assessing her credibility; and (3) failed to address all post-hearing objections to the vocational expert's (VE)

2. The Report and Recommendation (Document 14) is APPROVED and ADOPTED;

3. Pawlowic's Request for Review (Document 10) is DENIED;

4. Judgment is entered in favor of the Commissioner by separate order, filed contemporaneously; and

---

testimony. On October 30, 2018, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.

On November 13, 2018, Pawlowic filed objections to the R&R reasserting the arguments she made in her Request for Review. Specifically, Pawlowic argues the ALJ (1) did not properly evaluate Dr. Digamber's medical opinion; (2) failed to address Pawlowic's work history in determining her credibility; and (3) failed to substantively address a post-hearing objection to the VE's reliance on the Dictionary of Occupational Titles (DOT) when determining whether there were other jobs available for Pawlowic to perform. *See* Objs. 1. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

Upon de novo review of the record, and in light of the fact that Judge Sitarski has already considered and addressed the arguments set forth in her objections, Pawlowic's objections are overruled for the reasons stated in the R&R. The Court will nevertheless briefly address the additional legal authority Pawlowic relies on in support of her objection to the ALJ's consideration of her post-hearing objection to the VE's reliance on the DOT.

In support of this objection, Pawlowic relies on additional non-binding authority purporting to establish that the failure of an ALJ to consider a post-hearing objection to VE testimony requires remand. However, Pawlowic's reliance on these cases is misplaced. The cases on which she relies involved an ALJ failing to consider post-hearing objections to VE testimony where two VE's testified and there was contradictory testimony between the two; additional VE evidence was introduced post-hearing; or the VE relied on SkillTRAN, a source that other courts have found to be per se unreliable without testimony or evidence certifying the reliability of the data. None of these errors occurred here. Nor do any of the cases on which Pawlowic relies hold that an ALJ's failure to consider a post-hearing objection in and of itself requires remand.

In any event, as Judge Sitarski noted in the R&R, even assuming the ALJ in this instance failed to consider Pawlowic's post-hearing objection to the VE's reliance on the DOT, this error is harmless as "courts in the Third Circuit that have addressed the matter have continued to find the DOT to be an appropriate source of occupational information and have declined to require ALJs and VEs to consult other sources in addition to the DOT." *See, e.g., Rush v. Berryhill*, No. 17-939, 2018 WL 4257930, at *1 n.1 (W.D. Pa. Sept. 6, 2018) (collecting cases) Therefore, Pawlowic's additional case law does not entitle her to relief.

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Pawlowic's objections to the R&R are overruled, and the R&R is approved and adopted.

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

*Juan R. Sánchez, C.J.*